**COLISEUM CARTAGE COMPANY, INC. f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,**

v.

**CARLEN DISTRIBUTION SYSTEM, INC., Defendant.**

**No. C–88–489–WS.**

United States District Court, M.D. North Carolina, Winston–Salem Division.

Sept. 1, 1989.

See also, 732 F.Supp. 1336.

R.T. Wilder, Jr. and Langdon M. Cooper, Gastonia, N.C., and Joseph L. Steinfeld and Robert B. Walker, Washington, D.C., for plaintiffs.

Joseph W. Grier, III, Charlotte, N.C., and Jack Pearce, Washington, D.C., for defendant.

## MEMORANDUM OPINION

ERWIN, Chief Judge.

This matter is before the court on motion of plaintiffs Coliseum Cartage Company, Inc. f/k/a Pacesetter Transportation Company and Consolidated/Mark, A Joint Venture Between Consolidated Stores International Corp. and Mark Services, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the counterclaim of the above defendant for failure to state a claim upon which relief can be granted. The parties have fully briefed the issues, and the matter is ready for a ruling. The court will grant plaintiffs' motion to dismiss the counterclaim of defendant made pursuant to 49 U.S.C.A. § 11705(b)(3) (West 1988) and deny plaintiffs' motion to dismiss defendant's common law counterclaim.

### Statement of Facts

During 1983 and 1984, McLean Trucking Company (McLean) used the name "Pacesetter Transportation" as a trade name for an unincorporated special division. In June 1984, McLean's parent corporation created Pacesetter Transportation Company (Pacesetter) as a subsidiary, and Pacesetter began operating as a common carrier on January 1, 1985.

McLean filed a Chapter 11 petition in the United States Bankruptcy Court, Western District of North Carolina, on January 10, 1986, and Pacesetter filed a Chapter 11 petition on July 9, 1986. Before filing its petition, Pacesetter changed its name to Coliseum Cartage Company (Coliseum).

Upon motion of Coliseum, the bankruptcy court entered an order on November 10, 1986 which authorized Coliseum to sell all right, title, and interest to its undercharge claims to a joint venture between Mark Services, Inc. and Consolidated Stores, Corporation (Consolidated). Subsequently, Consolidated reassigned a five percent interest in the undercharge claims to Coliseum. Consolidated and Coliseum then filed an adversary proceeding in the bankruptcy court seeking collection of alleged undercharges for shipments in an amount equal to the difference between the applicable interstate motor common carrier tariff rates and that billed to (or collected from) defendant by Coliseum and Pacesetter. After the bankruptcy court dismissed plaintiffs' collection action for lack of subject matter jurisdiction, plaintiffs filed this action seeking collection of the alleged undercharges for the same shipments that formed the basis of the bankruptcy court claims.

In answering, defendant denies that any additional freight charges are due. Defendant also counterclaimed against the plaintiffs alleging that plaintiffs are attempting to charge unreasonable rates in violation of 49 U.S.C.A. § 10701(a) (West 1988), thus entitling defendant to recover pursuant to 49 U.S.C.A. § 11705(b)(3). In its counterclaims, defendant further alleges that plaintiffs quoted misleading rates to defendant who relied to its detriment upon said quotations in tendering freight and that plaintiffs were negligent in failing to file the rates agreed upon with defendant as tariffs with the Interstate Commerce Commission (ICC) or to enter into a written contract carriage agreement with the defendant prior to its transportation of the freight tendered by the defendant.

### Discussion

■ In its statutory counterclaim, defendant asserts that plaintiffs in this action are attempting to impose retroactively upon the defendant rates that are unreasonable and therefore unlawful under 49 U.S.C.A. § 10701(a). Consequently, defendant alleges that it is entitled pursuant to 49 U.S.C.A. § 11705(b)(3) to recover from plaintiffs all damages that defendant may sustain as a result. Title 49, United States Code Annotated, Section 11705(b)(3) provides:

A common carrier providing transportation or service subject to the jurisdiction of the Commission under subchapter II or IV of chapter 105 of this title or a freight forwarder is liable for damages

resulting from the imposition of rates for transportation or service the Commission finds to be in violation of this subtitle.

Section 11705(b)(3) grants shippers a right to recover reparations from motor carriers who impose an unreasonable rate. However, the clear language of the provision indicates that the subsection only applies following an ICC finding of a violation. Thus, Subsection 11705(b)(3) is clearly inapplicable in this case, and defendant's counterclaim based on that statutory provision will be dismissed for failure to state a claim upon which relief can be granted.

 In its negligence counterclaim, defendant asserts that Pacesetter negligently failed to take those ordinary and reasonable steps necessary to insure that the defendant received the rates promised by Pacesetter based on the lawful carriage contracts. In the alternative, the defendant asserts that Pacesetter owed a duty to the defendant to take those ordinary and reasonable steps necessary to file in a tariff the rates negotiated with and promised to the defendant and that Pacesetter negligently failed to take such steps, thereby damaging the defendant and creating a tort action in favor of the defendant. Title 49, United States Code Annotated, Section 10103 (West 1988) provides that "[e]xcept as otherwise provided in this subtitle, the remedies provided under this subtitle are in addition to remedies existing under another law or at common law." In *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976), the Supreme Court repeated with apparent approval the analysis of a similar savings clause in *Texas & Pacific R. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907), which noted that:

> [A] common law right, even absent a savings clause, is not to be abrogated "unless it be found that the preexisting right is so repugnant to the statute that the survival of such right would in effect deprive the subsequent statute of its efficacy; in other words, render its provisions nugatory."

*Nader,* 426 U.S. at 298, 96 S.Ct. at 1984.

In ruling on motions pursuant to Rule 12(b)(6), the court must presume that non-movants' version of the facts is true and grant all reasonable inferences in favor of the non-movant. *Jenkins v. McKeithan,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). The court is of the opinion that permitting defendant to maintain a cause of action in negligence would not, under every set of facts defendant might possibly make out, lead to a result inconsistent with the results of the Motor Carrier Act. Therefore, the court will deny plaintiffs' motion to dismiss defendant's negligence counterclaim for failure to state a claim upon which relief can be granted.

For the same reasons, the court will deny plaintiffs' motion to dismiss defendant's misrepresentation counterclaim.

### Conclusion

For the reasons set forth above, plaintiffs' motion to dismiss defendant's statutory counterclaim will be GRANTED, and plaintiffs' motion to dismiss defendant's common law counterclaim will be DENIED in an Judgment entered contemporaneously herewith.